IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BRUCE PATTERSON                                                                          PLAINTIFF

V.                                           CIVIL ACTION NO. 3:14-CV-247-SA-JMV

UNITED STATES OF AMERICA                                      DEFENDANT

MEMORANDUM OPINION

Before the Court is the government's Motion to Dismiss for Lack of Subject Matter Jurisdiction [3]. After considering the motion, responses, and pertinent authorities, the Court finds the government's motion to be well taken.

In 1991, plaintiff was convicted of, *inter alia*, receiving and possessing a stolen truck, for which he served thirty-one months in federal prison. In his petition, Plaintiff asserts that he was successful in his efforts to remove any state law impediments to his owning a gun through proceedings in Lafayette County Circuit Court, but that he has not had similar success with regard to his efforts under federal law. Plaintiff claims that he was denied a requested presidential pardon for his conviction and has unsuccessfully sought review from the Bureau of Alcohol Tobacco and Firearms ("ATF"). Plaintiff filed this action, seeking relief under federal law and premising this Court's jurisdiction on 18 U.S.C. Section 925(c). Defendant filed the pending motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

*Standard of Review*

When confronted with a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court must ascertain whether it possesses "the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v.*

*City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation and quotation omitted). In examining its jurisdiction, the Court is permitted to consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citation omitted). The burden of proof on a Rule 12(b)(1) motion lies with the party asserting jurisdiction. *See Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1986).

*Discussion and Analysis*

The claimed statutory basis for jurisdiction, 18 U.S.C. § 925(c), provides in pertinent part that:

> A person who is prohibited from possessing, shipping, transporting, or receiving firearms or ammunition may make application to the Attorney General for relief . . . and the Attorney General may grant such relief if it is established to his satisfaction that the circumstances . . . are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest. Any person *whose application for relief from disabilities is denied* by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial.

(emphasis added). As alluded to above, Plaintiff asserts that, after failing to obtain a presidential pardon, he sought a review by ATF "via other methods in 18 U.S.C. Section 925(c), but received no help, as representatives from the ATF claimed that the government does not have the funding to provide the necessary review." This is because, as the Supreme Court has noted, "[s]ince 1992 . . . the appropriations bar has prevented ATF, to which the Secretary has delegated authority to act on § 925(c) applications, from using 'funds appropriated herein . . . to investigate or act upon applications for relief from Federal firearms disabilities under 18 U.S.C. § 925(c)." *United States v. Bean*, 537 U.S. 71, 74-75, 123 S. Ct. 584, 154 L. Ed. 2d 483 (2002). Plaintiff argues that the denial of the requested pardon and the ATF's inability to consider his request constitute an

effective denial of his application for relief and a basis for this Court's subject matter jurisdiction.

The Supreme Court held in *Bean*, however, that consistent with the statutory text of Section 925(c), "an *actual decision* by ATF on an application is a prerequisite for judicial review, and that mere inaction by ATF does not invest a district court with independent jurisdiction to act on an application." *Id.* at 76, 123 S. Ct. 584. Because ATF has not issued a decision denying an application for relief under Section 925(c), the Court lacks jurisdiction over this case.[1]

## Conclusion

For these reasons, the government's Motion to Dismiss [3] is GRANTED. A separate order to that effect shall issue this day. CASE CLOSED.

SO ORDERED, this 29th day of September, 2015.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**

---

[1] The fact that Plaintiff may have been successful in having his rights restored under Mississippi law has no bearing on the federal jurisdiction inquiry. *Drake v. United States*, 538 F. App'x 584 (5th Cir. 2013).